UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

JAVIER MONGE,

        Plaintiff,

-against-   COMPLAINT

7TH & BARROW, L.L.C.,

        Defendant.

------------------------------X

Plaintiff, JAVIER MONGE by his undersigned counsel, hereby files this Complaint and 7TH & BARROW, L.L.C., sues for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 1281, et seq., (hereinafter the "A.D.A".), and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG") and alleges as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 1281 et seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

## PARTIES

2.      Plaintiff is a resident of the State of New York, and is disabled as defined by the ADA and substantially limited in performing one or more major life activities, including but not limited to walking and standing. Plaintiff suffers from Cerebral Palsy, which interferes with his ability to grasp and requires his use of a wheelchair for mobility purposes. Plaintiff's access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth herein.

3.      Defendant 7TH & Barrow, L.L.C. is a limited liability company authorized to do business in the State of New York and transacts business within this judicial district. Defendant is the owner of the property located at 87 Seventh Avenue South, New York, N.Y., and the owner/lessee and operator of the restaurant at the facility which is known as Sushisamba West Village.

4.     The Defendant's facility consists of public accommodations and service establishments, and although required by law to do so, is not in compliance with the ADA and ADAAG. In this instance, Plaintiff visited the facility and encountered barriers to access at the facilities, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendants' ADA violations set forth herein.

5.     Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facilities and the actions or inactions described herein.

6.     All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the facilities are located in the Southern District.

### FACTUAL ALLEGATIONS AND CLAIM

7.     Plaintiff has attempted to access the facility but could not do so without severe hardship because of his disabilities as well as the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

8. Plaintiff intends to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facilities and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

9.. Defendant has discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facilities, as prohibited by 42 U.S.C., § 11282, et. seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

10. Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the facility and/or full and

equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility include:

a)     There is a slope at the doorway into the restaurant exceeding 5% in violation of ADA standard 404.2.4.4.

b)     There are no accessible tables outside the restaurant with the proper underside clearance in violation of ADAAG 902.4.1.

c)     There are no accessible tables inside the restaurant with the proper underside   clearance in violation of ADA standard 902.4.1.

d)     The counter at the bar is more than 34 inches above the finished floor with no lowered section and no accessible tables in the bar area in violation of ADA standard 902.3

e)     There is no accessible route to the bathroom located down a flight of stairs in violation of ADAAG 403.4.

f)     The restroom does not have the required maneuvering clear floor space in violation of ADAAG 206.5.

g)     There are no grab bars in the bathroom in violation of ADAAG 604.5.

The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility in order to determine all of the discriminatory acts violating the ADA.

11. Plaintiff has attempted to gain access to the facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of each facility, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

12. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

13 Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facilities, including those set forth herein.

14. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. § 12205 and 12217. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject facility to make it readily accessible and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

September 6, 2016                                         Respectfully submitted,

/s/ Jennifer E. Tucek

Law Office of Jennifer E. Tucek, P.C.
201 East 87th Street, Suite 9H
New York, New York 10128
(917) 669-6991
Bar No: JT2609
TucekLaw@Gmail.com